CLEMONS v. ELDER, *et al.*[1]

---

[1] This opinion decides the questions presented in the cases: *Pelonzo Clemons* v. *Robert R. Elder, et al,* and *William M. Clemons* v. *Robert R. Elder, et al.*

1. DEED: RECORD. When a mortgagor executed to the mortgagee, a deed absolute on its face, which was recorded and the mortgagee executed to the mortgagor a defeasance in the form of a bond to convey back, which was not recorded; *Held*, that the record of the deed alone was sufficient notice to subsequent purchasers and incumbrancers.
2. MORTGAGE: USURY. A bill seeking relief against a mortgage on the ground of usury, will not be sustained when it does not ask to redeem upon paying the amount actually due, nor allege a tender of that amount.
3. SAME: PARTIES. In an action against a trustee to cancel a mortgage all persons interested in the mortgage debt should be made parties.

*Appeal from Marshall District Court.*

THURSDAY, OCTOBER 13.

These cases are in equity — are in all essential respects alike, and are considered together in the opinion of the court. February 14th, 1856, Elder mortgaged certain lands to one Emery, to secure the sum of $1600. April 24th, 1856, Elder conveyed the same lands to James H. Gower, and received a bond for the re-conveyance of the same, upon the payment of $3750, within one year, as evidenced by two notes payable to J. H. Gower, Bro. & Co. On the 11th June, 1856, Elder conveyed 240 acres of this land to complainant, Perlonzo Clemons; and 160 of it to complainant in the second case, Wm. M. Clemons. These instruments were all recorded about the time of their execution. On the 23d June, 1856, Elder executed a mortgage to Perlonzo Clemons, upon a certain steam mill, conditioned to pay promptly certain notes made by the mortgagor to Gower; said notes being described as payable to Jas. H. Gower, dated April 22, 1856, and for $1000, and $1500, respectively. April 1st, 1856, the mortgage to Emery was assigned to Wm. M. Clemons. The consideration of the land purchased by William, of Elder, was $800, and was all paid; that purchased by Perlonzo $2400, of which $1600 was not paid.

One of the notes made by Elder, to the Gowers was assigned to Van Alst, and the other to Emery, upon both of which suits had been commenced by the indorsees against

the maker and indorsers before the determination of the present action. These bills were filed, for the purpose of setting aside the deed to Gower as fraudulent and void; and for other purposes. James H. Gower, Elder, and Wm. M. Clemons are made respondents in the first case, and the same parties are made respondents in the second, Perlonzo, being substituted for Willliam.

Gower demurred to the bill. This was overruled, and he failing to answer, a decree was entered by default, setting aside his deed, and from this he appeals.

*Wm. Penn Clarke*, for the appellants.

*Eastman* and *Wilson*, for the appellees.

WRIGHT, C. J.—There is nothing in the bills or testimony to sustain this decree. That the deed to Gower was made and recorded long prior to the purchase by complainants, is admitted. They state that Elder informed them that the property was entirely free of incumbrance, except the mortgage to Emery; that this was false; that they had constructive, though not actual notice of the conveyance to Gower. Does the fact that the bond from Gower to Elder, for a re-conveyance was unrecorded, render Gower's deed void and fraudulent, as against complainants? This is the position of counsel, but upon what ground it can be sustained, we are at a loss to conceive. They had constructive notice of the deed, and that upon its face is absolute. Upon what principle is it, that they can now complain, if it shall turn out, as it has, that though this deed was absolute, it is in equity but a mortgage? Why is this deed void, because, when the whole transaction is developed, they are given an opportunity to redeem property which apparently was vested absolutely in the grantee? And then Gower had nothing to do with placing this bond upon record. It was Elder's duty if any person's, and Gower is not to be prejudiced by such failure. The case of *Dey* v. *Dunham*, 2 John. Ch. 182, relied upon by counsel, was reversed in the Court of Errors, (15 John

554,) and turned upon the construction of the recording statute of that State.   And so with the other cases cited.

The charge that the contract between Elder and Gower was usurious, is not well made in the bills, and taking it all as true, would not entitle complainants to relief, in this respect. There is no prayer asking to redeem upon paying the money actually due; nor any averment that any amount had ever been tendered.   In a word, the bill is in no manner adapted, or framed, for relief upon this ground.   But without examining in detail what seems to us the very many errors and irregularities in these proceedings, we may mention one, prominent and fatal in its nature.   Gower held this title in trust for Elder and the firm of Gower, Bro. & Co.   At least this would appear to be the case upon the face of the transaction.   The exhibits attached to the bills tend to show however, that as to part of the money, the firm acted as the agent of the party, now sueing upon one of the notes.   Whether this is true or not, it is admitted that the notes have been assigned, and that the indorsees have instituted suits to collect the same.   One of these suits, treats the transaction between Gower and Elder, as a mortgage, and seeks to have the judgment to be recorded, declared a special lien upon the land included in the deed.   And yet notwithstanding that Gower throughout the entire transaction, has been acting simply as trustee in holding this title; and while the firm to which the note was payable, or their indorsees, or both, are the real parties in interest, none of them are made parties.   The decree declares the deed void; whether as an absolute conveyance, or as a mortgage in connection with the defeasance, while those interested and almost alone interested in sustaining it, as is shown from the complainant's own bills, have had no opportunity to defend it.

It is but too manifest that the case was in no condition to warrant the decree, and it will be set aside, with leave to amend, or begin anew.

Decree reversed.