Jones, Appellant, vs. Workman, Respondent.

*February 2 — February 23, 1886.*

*Chattel mortgage: Description of property: Mistake as to location.*

A chattel mortgage containing a sufficient and otherwise accurate description of the property will not be vitiated by an erroneous statement therein as to the place in which the property is then situated.

APPEAL from the Circuit Court for *Brown* County.

The case is stated in the opinion.

For the appellant the cause was submitted on the brief of *G. W. Cate,* counsel.

*F. C. Cady,* for the respondent, cited Jones on Chat. Mortg. sec. 61; *Adams v. Comm. Nat. Bank,* 53 Iowa, 491; *Bowman v. Roberts,* 58 Miss. 126; *Pettis v. Kellogg,* 7 Cush. 456; *Spaulding v. Mozier,* 57 Ill. 148; *Goff v. Pope,* 83 N. C. 123; *Harris v. Kennedy,* 48 Wis. 500.

Lyon, J. Replevin for a horse of which the plaintiff claims to be the owner, and which the defendant took from his possession by virtue of a chattel mortgage. The case turns mainly upon the question of the validity of the mortgage. The circuit court held it valid, and gave judgment for the defendant, from which the plaintiff appeals.

The mortgage under which the defendant claims was executed to him by one M. E. Williams, of De Pere, and includes, with other property, " one sorrel stallion, called 'Templar,' seven or eight years old." It is stated in the mortgage that the property described in it is " now situated

and being at the livery-stable of M. E. Williams, in the village of De Pere and county of Brown." There is no doubt that the horse thus described is the one in controversy here, or, at least, that the testimony is ample to sustain the finding of the court to that effect. When the mortgage was executed, the horse was not in De Pere, but was at Janesville, in the hands of one Coventry, from whom the plaintiff purchased him a few months later. The testimony tends to show that Williams owned the horse when he executed the mortgage, and that Coventry had him at Janesville as the bailee of Williams. The testimony is that Coventry held the horse under a lease in writing, but the terms of the instrument do not appear. The court found that Williams was such owner, and that Coventry had possession of the horse as servant or lessee of Williams. We think the findings are sustained by the testimony.

The question chiefly argued, and which alone remains to be determined, is, Does the erroneous statement that the horse was in De Pere vitiate the mortgage? The circuit court answered this question in the negative, and we think correctly. Aside from such erroneous statement, the mortgage contains an accurate and a sufficient description of the horse. This brings the case within the maxim, *falsa demonstratio non nocet cum de corpore constat*, and saves the mortgage. Counsel for defendant has referred us to several cases similar to this case wherein this maxim has been applied. None have been cited to the contrary. Indeed, this is so clear a case for the application of the maxim, we should not expect to find cases to the contrary.

*By the Court.*— The judgment of the circuit court is affirmed.

As to description of property in chattel mortgage, see *Weber v. Illing,* 27 N. W. Rep. 834, and note; *S. C.* 66 Wis. —. — Rep.