# TEXAS SUPREME COURT REPORTS.

## TYLER TERM, 1890.

---

## M. L. KENNARD v. J. C. MABRY ET AL.

### No. 7570.

1. **Registration of Mortgages.** — The registration of a mortgage, in form a deed, in the record book for deeds, gives notice of whatever adverse rights may exist in the grantee.

2. **Same—Notice.**—Every person is presumed to know that a deed absolute on its face may have been intended by the parties to it only as a mortgage, and that the courts will so hold it to be if executed only for the purpose of securing a debt. So knowing, every person ought to be affected with notice of every right less than absolute ownership the person holding under such deed may have.

3. **Registration Laws—Statutes Construed.**—Revised Statutes, articles 4332, 4334, 4299, 4297, and 4304, cited and discussed.

4. **Filing as Notice.**— Save where otherwise provided, registration takes effect from the time the paper to be recorded is filed with the clerk for registration, if it has been so authenticated as to entitle it to record.

5. **Statute Construed — Record of Mortgages, etc.** — In view of the other statutes, except in cases where actual recording is required to fix the right as against third persons or the one against whom lien is asserted, the statute (article 4304, Revised Statutes) providing that "all deeds of trust, mortgages, * * * shall be recorded in a book or books separate from those in which deeds or other conveyances are recorded," must be deemed directory; for otherwise effect could not be given to the statutes which give to filing with the clerk the effect of full registration.

6. **Injunction — Cases Approved.** — Purinton v. Davis, 66 Texas, 455; Spencer v. Rosenthall, 58 Texas, 4; Mann v. Wallis, 75 Texas, 611; Carlin v. Hudson, 12 Texas, 203; and Henderson v. Morrill, 12 Texas, 1, cited and approved.

APPEAL from Johnson. Tried below before Hon. J. M. Hall. The opinion states the case.

*Crane & Ramsey,* for appellant.— 1. The filing of the mortgage in form of a deed given by T. M. Westbrook to M. L. Kennard in the office of the county clerk of Hill County, it being the county in which the land in controversy is situated, was all that plaintiff was required to do to secure its proper registration; and the registration of said instrument will take effect from the date same was filed rather than the date when it was actually registered in the mortgage record. Rev. Stats., art. 4334.

2. It being the established rule in this State that an instrument in the form of a deed may by other evidence be proven to be a mortgage, the registration of such an instrument in the record of deeds is constructive notice that the grantee in said deed is the owner of the land therein de-

scribed in fee simple, or that he has some such beneficial interest therein as may be conveyed by an instrument in that form. Clemons v. Elder, 9 Ia., 572; Young v. Thompson, 2 Kans., 83; Newberry v. Bulkey, 5 Day, 384; 1 Jones on Mort., sec. 548.

3. Plaintiff being a stranger to the judgment under which defendant Mabry was seeking to sell the land in controversy, and attempting simply to restrain the sale of the land, it was error to render judgment against him for the amount of judgment under which the defendant was trying to sell the land. Carlin v. Hudson, 12 Texas, 202; Griffin v. Chadwick, 44 Texas, 411; Whitman v. Willis, 51 Texas, 427.

4. The sale of the premises in controversy by G. H. Damon as trustee to the Texas Loan Agency, made by virtue of the authority conferred on him by the deed of trust which was executed, delivered, and registered long before defendant's judgment lien against Westbrook attached, divested Westbrook of all title to the land and vested same in the said Texas Loan Agency, freed from all claims of defendent acquired by reason of said judgment lien as fully and completely as if the mortgage lien in the Damon trust deed had been foreclosed in a court of competent jurisdiction in a proceeding to which the defendant had been made a party. Buchanan v. Monroe, 22 Texas, 544; Powers v. Andrews, 4 So. Rep., 263; Aiken v. Budgford, 4 So. Rep., 267; Childress v. Monetta, 54 Ala., 317; Lydston v. Powell, 401 Mass., 78; Kinsley v. Ames, 43 Mass., 29.

5. The Texas Loan Agency having purchased the land in controversy from the trustee Damon, and thereby acquired all title thereto, freed from defendant's judgment lien, conveyed same to plaintiff by a valid conveyance. Plaintiff thereby became vested with all title to same, freed from defendant's judgment lien, which title he could assert in this case by amended petition; and the trial court should have so held, adjusting the costs between the parties as the other questions might suggest.

*Bledsoe, Patton & Brown*, for appellees.— 1. In order for a recorded instrument to operate as constructive notice it must be filed and recorded in its true character, and in the record book designated by statute. Sayles' Civ. Stats., art. 4304; Jones on Mort., 546; Boone on Mort., 546; Wade on Notice, secs. 186–189; Wilt. on Mort. Fore., 397, 398; Day v. Drenham, 2 Johns. Ch., 189; James v. Morey, 2 Cow., 313; Wright v. Lancaster, 48 Texas, 250.

2. Subsequent purchasers and junior lien holders are under no obligations to inquire whether instruments spread on the records are in fact different from what they purport to be. Alstin v. Cundiff, 52 Texas, 453; Bounds v. Little, 75 Texas, 316.

3. The court did not err in its fourth conclusion of law in holding that the judgment lien under which appellee claims was and is superior to the mortgage lien acquired by appellant by virtue of said instrument

in form of a deed. Sayles' Civ. Stats., art. 4332; Firebaugh v. Ward, 51 Texas, 412; McKamey v. Thorp, 61 Texas, 651; Holst v. Burrus, 79 Ga., 111.

4. An injunction not being the proper remedy for one claiming to be the owner of land which is levied upon on execution against a third party, the injunction in this case was wrongfully sued out, and the court did not err in so holding. Mann v. Wallis, 75 Texas, 611; Purinton v. Davis, 66 Texas, 455; Whitman v. Willis, 51 Texas, 421, 429; Spencer v. Rosenthall, 58 Texas, 5; Carlin v. Hudson, 12 Texas, 202; 10 Am. and Eng. Encyc. of Law, p. 892; High on Inj., secs. 367, 381.

5. Appellant having deprived appellee J. C. Mabry of the enforcement of a legal right by the use of an illegal and wrongful remedy, and the evidence establishing that the property levied upon was amply sufficient to satisfy the judgment of appellee, and that appellee was prevented from making his money by said injunction, upon a plea in reconvention setting up the facts entitling him to relief appellee ought to have recovered his damages, and the court did not err in so holding. Railway v. White, 57 Texas, 135; Avery & Son v. Stewart, 60 Texas, 154; Sharp v. Schmidt, 62 Texas, 263–267; Ehrenworth v. Friedlander, 58 Texas, 350; Coates v. Caldwell, 71 Texas, 19; Pace v. Sparks, 60 Texas, 298.

6. Where an execution sale of land is wrongfully enjoined by a third party and the facts show that the property would have sold for enough to satisfy such execution, and pending such injunction the title of the execution defendant to said land is divested by any cause or proceeding to which the plaintiff in execution and defendant in injunction was not a procuring cause, upon a plea in reconvention setting up such facts the defendant in injunction is entitled by way of damages to the full amount of the principal, interest, and costs of his judgment, which but for such injunction he would have obtained previous to the divestiture of the title of the execution defendant.

7. In Texas, where a mortgage is a mere security for debt and the legal and equitable title remains in the mortgagor, a sale under a power contained in a senior mortgage, to which junior lien holders are not parties, does not have the effect to cut off and preclude the rights of said subsequent encumbrancers. Spring v. Eisenach, 51 Texas, 434; Morrow v. Morgan, 48 Texas, 307; Schmeltz v. Garey, 49 Texas, 58; Jackson v. Butler, 47 Texas, 424; Wright v. Rhodes, 42 Texas, 526; Fuller v. O'Neil, 69 Texas, 349; Jones on Mort., secs. 1785, 1889; Bleckley v. Branyan, 2 S. E. Rep., 319; Gray v. Nelson, 41 N. W. Rep., 566; Deere v. Nelson, 34 N. W. Rep., 809; Johnson v. Johnson, 3 S. E. Rep., 610; Armot v. Post, 6 Hill, 65; 8 Pome. Eq., sec. 1227; 4 Kent's Com., 13 ed., 190; Snell's Prin. Eq., 282.

STAYTON, CHIEF JUSTICE.—Heard, Allen & Floore held the prom-

issory note of T. M. Westbrook for $7500, on which M. L. Kennard was surety, and to indemnify the latter against loss Westbrook executed to him a mortgage on the land in controversy, as well as on cattle of about the value of $7000.

In June, 1886, to enable Westbrook to negotiate a loan of $4000 from the Texas Loan Agency, Kennard released his mortgage on the land, retaining, however, his mortgage on the cattle.

Westbrook secured the loan and mortgaged the land to secure it, the mortgage being in the form of a trust deed, with power to trustee H. G. Damon to sell. No question is made as to the proper record of this mortgage before the rendition of the judgment under which Mabry claims.

On October 9, 1886, the note to Heard, Allen & Floore being then in part unpaid, Westbrook again executed to Kennard a deed which on its face appeared to be an absolute conveyance of the land, it being, however, intended only as a mortgage to secure Kennard on account of his liability as surety for Westbrook.

That instrument was filed for record in the office of the clerk of the court of the county in which the land is situated on May 28, 1887, and on the 30th of that month it was recorded in the record of deeds.

On July 6, 1887, Knox Thompson recovered a judgment in the County Court for Johnson County for $880.09 against Westbrook and C. B. Taylor as principals and the defendant J. C. Mabry as their surety.

An abstract of that judgment was filed, recorded, and indexed on August 10, 1887, in the proper office in the county in which the land is situated, but Westbrook appealed from the judgment and it was not affirmed until June 13, 1888.

The mandate of the Court of Appeals having been filed in the County Court on July 4, 1888, on the same day an execution issued on the judgment and that was paid by the defendant Mabry, who a few days afterwards caused another execution to issue to the county in which the land is situated, which was levied on the land, and it advertised to be sold on August 7, 1888, but the sale was prevented by the injunction sued out in this case by Kennard.

On September 17, 1887, Kennard, on learning that the instrument intended as between himself and Westbrook as a mortgage had been recorded in a book used to record deeds, caused it to be recorded in the book kept for the record of mortgages.

On March 10, 1887, there was still due Heard, Allen & Floore on the note made by Westbrook and Kennard the sum of $4532.75, at which time, to secure that debt, Westbrook as principal and Kennard as surety executed a new note, which was made payable to Allen alone by agreement between the parties.

That note matured in ten months after its date, and on January 13, 1888, Kennard paid the sum due on it, and on same day brought an action

on it against Westbrook, praying judgment for sum due and for foreclos-
ure of the mortgage on the land.

Soon after a judgment was rendered in his favor as prayed for, for
$5339.25, and the land was sold under that judgment on the first Tuesday
in May, 1888, when Kennard bought it for $4000, which was credited on
his judgment against Westbrook.

The interest on the sum borrowed from the loan company by Westbrook
was payable semi-annually and fell due on the first days of February and
August of each year.

The trust deed provided if any one of the interest coupons should re-
main unpaid for ten days after its maturity that at the option of the holder
the entire principal and interest should become due and the trustee have
power to sell to satisfy the entire debt.

Westbrook having failed to pay two of the coupons for interest when
due, on December 4, 1888, after having given proper notice, the trustee
sold the land and the loan company became the purchaser, bidding there-
for the sum of $5000.

Subsequently Kennard bought the land from the loan company, paying
therefor the sum of $5000.

There are 400 acres of the land in controversy, and it is shown to have
been worth $20 per acre.

Kennard brought this suit to enjoin the sale under the execution issued
under the judgment in favor of Thompson against Westbrook, and it re-
sulted in a judgment dissolving the injunction and awarding to Mabry
damages equal to the sum due him from Westbrook. The judgment
further declared the existence of the judgment lien and directed the sale
of the land to satisfy it.

The court below held that the record of the deed from Westbrook to
Kennard in the book used for recording absolute conveyances did not
give notice of the real contract between the parties, and that for this
reason the record and index of the abstract of the judgment in favor of
Thompson against Westbrook gave the superior lien.

There is some conflict in the decisions on this question, but it is prob-
ably true that this, in the main, arises from the difference in the statutes
on which the decisions are based.

In New York, Pennsylvania, and Louisiana it seems to be held that
the record of a deed absolute on its face in books kept for the registry of
deeds is not effectual as against subsequent mortgagees or purchasers who
have no other notice than that furnished by such registration; but it is
believed that the decisions in those States rest on the provisions of stat-
utes which require such a construction.

In so far as the question of notice is concerned—and the giving of
notice is the main purpose of registration—it seems to us that the record
of a paper purporting to be an absolute deed in a book kept for that

purpose ought to be held to give notice of the adverse right, whatever it may be.

One seeking to acquire title to land, or lien on it to secure a debt, and having a due regard for his own interest, would not content himself with an examination to ascertain whether there was a mortgage on the property. but would further inquire whether the person who proposed to sell or mortgage the land was its owner. This would or ought to induce an examination of the records showing absolute conveyances, as well as those showing mortgages or other liens.

Every person is presumed to know that a deed absolute on its face may have been intended by the parties to it only as a mortgage, and that the courts will so hold it to be, if executed only for the purpose of securing a debt.

So knowing, every person ought to be held to be affected with notice of every right less than absolute ownership the person holding under a deed so recorded has.

If the record shows an absolute conveyance, it gives notice of the fact that the vendor has parted with all interest he had in the land; and such notice ought to be binding on a subsequent purchaser or mortgagee, who must know that, as between the parties, on proof of the fact that it was executed to secure a debt, the courts will hold it to be only a mortgage.

The decisions which take this view of the question we think the better. Clemons v. Elder, 9 Ia., 274; Haseltine v. Espry, 13 Ore., 306; Wicklin v. Betts County, 50 Am. Rep., 477; Young v. Thompson, 2 Kans., 83; Gullet v. Hilsborn, 4 Mo., 526; Ruggles v. Williams, 1 Head, 141.

That the Legislature has full power to require instruments, including absolute conveyances, mortgages, and other liens, to be recorded in books kept separately for each, and to deny any effect to registration of an instrument not recorded in the book in which it is required to be, we do not doubt.

It is not claimed that the deed from Westbrook to Kennard would not have been valid as a mortgage against subsequent purchasers or creditors of its maker. had it been recorded in a book kept for the record of mortgages.

It will be seen, however, that, except when otherwise provided, registration takes effect from the time the paper to be recorded is filed with the clerk for registration if it has been so authenticated as to entitle it to record.

The statute provides that "All bargains, sales, and other conveyances whatever of any lands, tenements, and hereditaments, whether they be made for passing any estate of freehold or inheritance, or for a term of years,    *    *    *    and all deeds of trust and mortgages whatever which shall hereafter be made and executed, shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless

they shall be acknowledged or proved and filed with the clerk to be recorded as required by law." Rev. Stats., art. 4332.

"Every conveyance, covenant, agreement, deed, deed of trust, or mortgage in this chapter mentioned, which shall be acknowledged, proved, or certified according to law and delivered to the clerk of the proper court to be recorded, shall take effect and be valid as to all subsequent purchasers for a valuable consideration without notice, and as to all creditors, from the time when such instrument shall be so acknowledged, proved, or certified and delivered to such clerk to be recorded, and from that time only." Rev. Stats., art. 4334.

"Every such instrument of writing shall be considered as recorded from the time it was deposited for record." Rev. Stats., art. 4299.

A file book is required to be kept which must show the nature of the instrument, its date, the names of the parties to it, and the time of its delivery for record. Rev. Stats., art. 4297.

The statute further provides that "All deeds of trust, mortgages, judgments which are required to be recorded in order to create a judgment lien, or other instrument intended to create a lien, shall be recorded in a book or books separate from those in which deeds or other conveyances are recorded." Rev. Stats., art. 4304.

In view of the other statutes, except in cases where actual recording is required to fix the right as against third persons or the one against whom lien is asserted, the statute last quoted must be deemed directory; for otherwise effect could not be given to the statutes which give to filing with the clerk the effect of full registration.

It seems to us that the instrument was properly recorded as a deed, for such it was, and conveyed the legal title to the land, which a court of equity, however, would divest upon its being shown that it was given as a security for a debt, and would treat it as a mortgage and annul it upon payment of the sum intended to be secured.

The instrument passed the legal title to the land, the registration of it gave notice to the world of that fact, and those claiming as subsequent purchasers or creditors must take in subordination to the legal or equitable rights conferred by it.

If the instrument had been made to take the form of an absolute conveyance for the purpose of hindering, delaying, or defrauding other creditors of Westbrook, it would be voidable without reference to the manner of its registration.

There is no claim, however, that it was taken for an unlawful purpose, nor that the land exceeded in value a sum sufficient to satisfy the sum due to the loan agency. and to secure appellant.

Its value is shown to have been less than was necessary for these purposes, and there still remains a balance due to appellant after all the

cattle which could be found had been subjected to the payment of the sum due to him from Westbrook.

We are of opinion that the court below erred in holding that appellant's rights growing out of the instrument in form and recorded as an absolute deed were not those of a mortgage and superior to any right acquired by Mabry through registration of the abstract of the judgment in favor of Thompson.

That ruling evidently controlled the case in so far as any judgment was rendered for appellee other than one for costs and dissolving the injunction.

The sum due to appellant from Westbrook, added to the sum due to the loan agency, amounted to more than the value of the land; but the court, disregarding the sum due from Westbrook to appellant, entered a judgment against him in favor of appellee for the sum due to the latter by Westbrook, on the ground that the land was of greater value than the sum of the indebtedness of Westbrook to the loan agency and appellee, and that his claim would have been satisfied by the sale of the land but for the injunction sued out in this case.

The facts did not justify such a judgment.  The right of appellee Mabry when this suit was brought, he not having been a party to the suit brought by appellant against Westbrook, was to redeem or to sell subject to the right acquired by appellant; but neither of these remedies could have operated to his advantage, for the property was further encumbered by the mortgage to the loan agency, and the two mortgages superior to his secured a sum greater than the value of the property at any time.

The purchase through foreclosure sale conveyed the legal title to the land to appellant, freed from any claim of Westbrook, and thus it stood when this suit was brought.

The sale under the trust deed made to the loan agency, however, defeated this, and also destroyed appellees' right to redeem.

There was no sufficient ground for injunction when this suit was brought, nor when it was decided, and the court below properly dissolved it.   Purinton v. Davis, 66 Texas, 456; Spencer v. Rosenthall, 58 Texas, 4; Mann v. Wallis, 75 Texas, 611; Carlin v. Hudson, 12 Texas, 203; Henderson v. Morrill, 12 Texas, 1.

The judgment of the court below will be reversed, and judgment here rendered dissolving the injunction and dismissing the bill, appellees to recover all costs incurred in the court below and appellant to recover the costs in this court.

*Reversed and rendered.*

Delivered June 17, 1890.

*Bledsoe, Patton & Brown,* for appellee Mabry, filed a motion for re-hearing, supported by an elaborate argument.

*Crane & Ramsey* resisting motion.

At Tyler Term, October 17, 1890, motion refused.