HENRY LIVESEY v. NELS O. BROWN ET AL., IMPLEADED WITH CRANE ELEVATOR COMPANY, APPELLANT, AND OMAHA LUMBER COMPANY, APPELLEE.

[FILED JUNE 30, 1892.]

1. **Mechanics' Liens:** How SECURED. Under the mechanic's lien law of this state the person who furnishes any material for the construction of a building by virtue of a contract, express or implied, with the owner thereof, is entitled to a lien thereon for

Livesey v. Brown.

the amount due for the same, upon filing a sworn statement of his account with the register of deeds of the proper county within four months of the time of furnishing such material.

2. **Deeds**: PAROL CONTRACT TO RECONVEY: CONSTRUCTIVE NOTICE. Where an absolute deed, properly executed and acknowledged, is given and intended only as a mortgage, and the contract to reconvey rests in parol, the proper recording of the instrument is constructive notice of the interest of the grantee in the property therein described.

3. ———: ———: MECHANICS' LIENS: PRIORITY. Such lien is superior to a mechanic's lien for materials furnished under a contract entered into with the grantor after the recording of such deed.

4. **Pleading.** Every material averment in a petition, not denied by the answer, for the purposes of the action will be taken as true.

APPEAL from the district court for Douglas county. Heard below before CLARKSON, J.

*Cavanagh & Thomas*, for appellant, the Crane Elevator Co., cited: *Simon v. Brown*, 3 Yeates [Pa.], 186; *Heister v. Fortner*, 2 Binn. [Pa.], 40; *M. & M. Bank v. Bank of Pa.*, 7 W. & S. [Pa.], 335; *Friedley v. Hamilton*, 17 S. & R. [Pa.], 70; Wade, Notice, secs. 187, 188; *Dey v. Dunham*, 2 Johns. Ch. [N. Y.], 188; *Weide v. Gehl*, 21 Minn., 454; *Russell's App.*, 15 Pa. St., 322; *Britton's App.*, 45 Id., 172.

*Richmond & Legge*, for appellee.

*Kennedy, Gilbert & Anderson*, for plaintiff.

*Isaac Adams*, for Goodman & Cooper.

*James B. Meikle*, for Omaha Cut Stone Company.

NORVAL, J.

This action was brought by Henry Livesey to foreclose a mechanic's lien upon lot 3 in block 317, in the city of Omaha, and the building situated thereon owned by the

defendant Nels O. Brown. The defendants Goodman & Cooper, Omaha Cut Stone Company, and Crane Elevator Company each filed a cross-petition setting up a mechanic's lien on the same property and praying a foreclosure thereof. The Portsmouth Savings Bank in its cross-petition asks the foreclosure of a mortgage, and the Omaha Lumber Company claims a lien by virtue of a deed absolute on its face, which was intended as a mortgage. Upon the trial the district court entered a decree allowing all the liens, giving the Portsmouth Savings Bank the first lien against the premises, the plaintiff Livesey and the defendants the Omaha Cut Stone Company and Goodman & Cooper second liens, the Omaha Lumber Company a third lien, and the Crane Elevator Company a lien subsequent and junior to all the others. The Crane Elevator Company appeals.

The only questions presented for our consideration are whether appellee is entitled to a lien upon the property, and if so, is such lien prior and superior to the lien or claim of the Omaha Lumber Company. The undisputed facts are these: On the 20th day of March, 1889, the defendant Brown, the owner of the lot, being indebted to the Omaha Lumber Company in the sum of $18,000, executed and delivered to one R. W. Clayton, the secretary and treasurer of the Omaha Lumber Company, for its use and benefit a warranty deed on said lot to secure the payment of said indebtedness, which deed was duly recorded on the 9th day of December, 1889. The deed, though absolute on its face, was intended as a mortgage. In the month of February, 1880, the Crane Elevator Company entered into a contract with Brown for the placing of an elevator in the building on said lot. Work was commenced in March, but was not completed until July 21, 1890. The lien was filed September 29, 1890.

It is argued by counsel for appellee that as appellant failed to file its lien within sixty days from the completion

of the work it was not entitled to a lien. If Brown is to be regarded as a contractor merely, and not the owner of the premises, the argument would be unanswerable, for the statute requires a subcontractor to file with the register of deeds of the proper county a sworn statement of his claim for lien within sixty days from the performing of the labor or the furnishing of materials, machinery, or fixtures, in order to secure a lien therefor. Notwithstanding Brown had, prior to the making of the contract with appellant, executed an absolute deed to the property, yet, as it was not intended as an absolute transfer of the property therein described, but was given merely to secure a debt and was intended only as a mortgage, he was in equity the owner of the lot and could lawfully contract in his own name for the making of the improvement. It is a principle of law too well settled to justify a reference to the authorities, that a deed of real estate, absolute in form, executed, and intended as security for the payment of a sum of money is, in effect, only a mortgage and will be so considered as between the parties and all others having knowledge of the purpose for which it was given. Brown did not occupy the position of contractor with the holder of the equitable mortgage, but contracted with appellant in his own right as owner of the property, as he had a perfect right to do, and under the mechanic's lien law the Crane Elevator Company had four months from the completion of the work in which to file its claim for lien. It was filed in due time.

It is conceded, and such is undoubtedly the rule, that the lien of a mortgage is superior to a mechanic's lien for labor performed or materials furnished under a contract entered into after the recording of the mortgage, or where the laborer or material-man has actual notice of the existence of an unrecorded mortgage. In this case there is no proof showing that the Crane Elevator Company had actual notice that the deed executed by Brown was intended as a mortgage, or that the deed was in existence. It is

urged for appellant that the recording of the deed was insufficient to give constructive notice that it was intended as a mortgage, but that it was only notice of what it purported to be, an unconditional conveyance; in other words, that the recording of the deed was of no avail as against a subsequent incumbrance without actual notice of the real character of the transaction, and that the lien of appellant is prior and superior to the right of appellee. Counsel have cited in support of this position several decisions from the courts of other states, and also section 25 of chapter 73, Compiled Statutes, entitled "Real Estate," which declares that "Every deed conveying real estate, which by any other instrument in writing shall appear to have been intended only as security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage; and the person for whose benefit such deed shall be made shall not derive any advantage from the recording thereof, unless every writing operating as a defeasance of the same, or explanatory of its being designed to have the effect only of a mortgage or conditional deed, be also recorded therewith, and at the same time." By this section, where a deed absolute on its face is given, which is intended only to take effect as a mortgage, and the mortgagee executes and delivers to the mortgagor a written defeasance, the registry of the deed without recording the defeasance is notice to no one of the rights of the holder of such a conveyance; that, although spread upon the records, it is to be regarded the same as an unrecorded mortgage so far as creditors and subsequent purchasers are concerned. Such is clearly the meaning of the section. Its provisions have no application to a case where there is no written defeasance to an absolute deed given as security for a debt or loan, but the contract to reconvey rests entirely in parol. Where, as in this case, the defeasance is a verbal one, obviously it cannot be recorded and the above section could not control. In such case the proper recording

of the absolute conveyance will fully protect the rights of the mortgagee. It being notice to the world of a greater interest than he has to the property, it certainly ought to be regarded as sufficient notice of his true interest therein. The record was notice at least that the grantee had some right or interest in the premises, and, had inquiry been made of him or the grantor, the true nature of the transaction would have been disclosed. We are aware that these views are not in harmony with the cases cited by appellant, but are believed to be supported by the weight of authority in this country. (Jones on Mortgages, sec. 548; *Kemper v. Campbell*, 44 O. St., 210; *Christie v. Hale*, 46 Ill., 117; *Marston v. Williams*, 47 N. W. Rep. [Minn.], 644; *Shaw v. Wilshire*, 65 Me., 485.)

Counsel for appellant have cited in their brief Wade on Law of Notice, which lays down the principle that instruments must be recorded in their true character to impart constructive notice; that an absolute deed, when intended as a mortgage, should be registered in the record of mortgages. This may be true, but we are not now called upon to determine the question, as it does not arise in this case. The cross-petition of the Omaha Lumber Company alleges that the deed in question was duly recorded in the office of the register of deeds of Douglas county on the 9th day of December, 1889. This averment is not denied by the answer of the Crane Elevator Company, nor is it controverted by the evidence, and it must be taken as true that the instrument was recorded in the proper record. Our conclusion is that the district court did not err in giving appellee the prior lien. The judgment is

AFFIRMED.

THE other judges concur.