[No. 13178. Department Two. April 5, 1916.]

ANNA S. BONNEVIERE, *Appellant*, v. THOMAS B. COLE,
*Respondent*, H. H. BRADLEE *et al., Defendants.*[1]

CHATTEL MORTGAGES—PRIORITIES—RECORDING—REQUISITES — STAT-
UTES. Under Rem. & Bal. Code, §§ 3661, 3668, requiring chattel
mortgages to be recorded or indexed in books kept exclusively for
that purpose, and § 3662, providing that such recording or indexing
shall be full and sufficient notice to all the world, constructive no-
tice of a prior incumbrance is not given by the filing and recording
of an instrument in the Bill of Sale records which, on its face, was
in form an absolute bill of sale but had attached an affidavit of
good faith by the grantors, designated as mortgagors, as required
·of chattel mortgages; such instrument not having been recorded
within ten days as required of bills of sale by Id., § 5291.

FRAUDULENT CONVEYANCES—SALES—RECORDING—VALIDITY—SUBSE-
QUENT CREDITORS—EQUITY—ESTOPPEL — LACHES. Although the fail-
ure to record a bill of sale of property remaining in the possession
of the vendor within ten days, as required by Rem. & Bal. Code,
§ 5291, only invalidates the sale as to existing creditors, a vendee
who fails to record his bill of sale for fourteen months, leaving the
property in the possession of the vendors, who with intent to de-
fraud thereafter mortgaged the same to the plaintiff without notice
of the prior bill of sale, is estopped by his own fault and laches to
assert a superior title under the bill of sale or under a subsequent
oral sale without change of possession; upon the principle of equity
that the one of two persons who enables a third person to commit
a fraud must suffer the loss. ·

SAME—"SUBSEQUENT PURCHASERS"—CHATTEL MORTGAGE. In such
a case, the subsequent mortgagee is a subsequent purchaser within
the meaning of the recording or registration act.

CHATTEL MORTGAGES—DESCRIPTION—PRIORITIES—WAIVER OF LIEN.
A description in a chattel mortgage which is good as between the
parties is good as against a prior vendee or mortgagee who, by his
own fault and laches in failing to properly record his instrument,
lost his title as against subsequent purchasers or incumbrancers.

SAME—DESCRIPTION OF PROPERTY—SUFFICIENCY. As between a
mortgagor and mortgagee, a description in a chattel mortgage of
"all household furniture, furnishings and personal effects, being all
the property of like description located at that place or belonging
to the parties of the first part," and stated as located in a certain

[1]Reported in 156 Pac. 527.

warehouse in the city of B., is sufficient to include furniture, furnishings and personal effects of the mortgagors located at their residence in B., it appearing that it was crated and ready to be removed to the warehouse, and there being in fact no furniture at the warehouse, but only a few boxes and trunks of articles of small value; a particular description of the location not being essential where it can be located in the county.

Appeal from a judgment of the superior court for Whatcom county, Pemberton, J., entered June 7, 1915, upon findings in favor of the defendant, in an action to foreclose a chattel mortgage, after a trial to the court. Affirmed.

*Chas. A. Sather* and *Bixby & Nightingale*, for appellant.
*Hadley & Abbott*, for respondent.

HOLCOMB, J.—On October 3, 1914, defendants Bradlee gave a chattel mortgage to appellant to secure a loan made to them that day and evidenced by their promissory note, upon "the following described personal property now located and kept at Bellingham Truck Company's warehouse in the city of Bellingham, in the county of Whatcom and state of Washington, to wit: Household furniture, furnishings and personal effects, and being all the property of like description located at that place or belonging to said parties of the first part." The mortgage was filed and indexed in the office of the county auditor of Whatcom county on October 6, 1914.

Only a part of the household furniture, furnishings, personal effects and property of like description was, at the time of the execution and delivery of the chattel mortgage, in the warehouse named, the remainder and by far the greater portion being then situated in the house where the mortgagors resided, at 606 Forest street, Bellingham; but it was represented that it was crated ready to remove, and it was then understood that all of it would be removed and left at the designated warehouse during the life of the mortgage.

On the same day, and pursuant to agreement between the mortgagors and appellant, a policy of fire insurance upon

the same household goods, furnishings and personal effects, at 606 Forest street, was issued to mortgagors, "loss if any payable to Anna S. Bonneviere, first mortgagee, as interest may appear." There can be no doubt, under the evidence, but that appellant understood and believed, when she agreed to make the loan and accept the chattel mortgage, that she was to receive as security all the household furniture, furnishings and personal effects that had been located at the residence of the Bradlees, 606 Forest street, Bellingham. The chattel mortgage was in good and sufficient form in all respects except as to the generality of the description of the property.

On June 30, 1913, the Bradlees had made, executed, and delivered to respondent Cole, for a stated consideration of $3,500, an instrument on its face in form an absolute bill of sale, denominated a bill of sale, but having also attached an affidavit of good faith by the grantors, designated therein as mortgagors, as required of chattel mortgages. This instrument was not filed for record until September 1, 1914, more than fourteen months after its execution, and was then filed at the request of Cole and recorded in Bill of Sale records in the office of the county auditor of Whatcom county, and was never filed and indexed as a chattel mortgage. This instrument described the property as "all household furniture of every description now in house occupied by us [grantors] number 606 Forest St.," with other office furniture, and also referred to an inventory attached to it enumerating each item thereof in detail.

On September 18, 1914, the Bradlees made an oral sale or transfer of the property to Cole for the purpose of satisfying their debt of $3,500 to him, but the note was neither canceled nor surrendered, nor was any release of the bill of sale on the records made by respondent, nor was there any change of the possession of the chattels made until October 5, 1914, when respondent took possession and removed the chattels. Immediately thereafter, appellant demanded pay-

ment of her note at the bank where payable, demanded possession of the chattels of respondent, which was refused, and began her action. The Bradlees left the state on the 5th or 6th of October, 1914. When appellant filed her mortgage, she was informed for the first time, by the county auditor, of respondent's recorded bill of sale, but this was after her rights under the mortgage, if any, were acquired.

There is and can be no question but that appellant's mortgage was in good faith and without actual notice of any other valid chattel mortgage against the property. Respondent's bill of sale or chattel mortgage was not filed as a chattel mortgage, and our statutes, Rem. & Bal. Code, §§ 3661, 3668 (P. C. 349 §§ 41, 5), provide that: "Every such instrument . . . shall be filed in the office of the county auditor of the county in which the mortgaged property is situated, . . . and such auditor . . . shall enter in a suitable book . . . with appropriate head: 'The time, of filing,' 'Name of mortgagor,' 'Name of mortgagee,' 'Date of instrument,' 'Amount secured,' 'When due,' and 'Date of release.' " Section 3662 (P. C. 349 § 43) provides: "Every mortgage filed and indexed in pursuance of this act shall be held and considered to be full and sufficient notice to all the world, of the existence and conditions thereof," etc.

The purpose of the registration statute is to give notice to subsequent purchasers or mortgagees, though the purpose is attained when subsequent purchasers or incumbrancers have actual knowledge of the existence of the prior incumbrance, though unrecorded, or not at the proper time, or in the proper place. *Darland v. Levins,* 1 Wash. 582, 20 Pac. 309. In the present instance, appellant had neither actual nor constructive knowledge of the existence of respondent's prior mortgage. She could go to the place of registration of such instrument and find the registration or indexing of no chattel mortgage from the Bradlees to Cole, which is the only method of ascertaining by the public records if such an instrument exists. Under §§ 3661, 3668, chattel mortgages

must be recorded or indexed in books kept exclusively for that purpose, and the inclusion of chattels in a real estate mortgage and the recording of such instrument in the records of real estate mortgages does not afford constructive notice of any lien upon the personal property and is void as to subsequent creditors. *Dunsmuir v. Port Angeles Gas etc. Co.*, 24 Wash. 104, 63 Pac. 1095; *Manhattan Trust Co. v. Seattle Coal & Iron Co.*, 16 Wash. 499, 48 Pac. 333, 737; *Radebaugh v. Tacoma & Puyallup R. Co.*, 8 Wash. 570, 36 Pac. 460.

Respondent, however, does not rely upon the filed instrument as either a chattel mortgage or as an absolute bill of sale, but relies on the oral transfer of September 18, 1914, at which time the debt of appellant did not exist. We have held that the statute (Rem. & Bal. Code, § 5291; P. C. 203 § 7) providing that no bill of sale for the transfer of personal property shall be valid as to existing creditors where the property remains in the possession of the vendor, unless the same is recorded within ten days after such sale be made, has no application where no debt of third parties existed at the time the sale or gift was made. *Greenwood v. Corbin*, 48 Wash. 357, 93 Pac. 433. Upon this respondent relies. In that case, however, the apparent possession of the chattels was as much in the appellant as in his father, against whom an execution had been issued and the property in question seized as the father's. The decision in that case, under the facts, was undoubtedly just and correct. But there is another principle involved, the well established principle of equity that "when one of two persons must suffer by the fraud of a third, the loss shall fall upon him who has enabled such third person to do the wrong." *Orillia Lumber Co. v. Chicago, Milwaukee & Puget Sound R. Co.*, 84 Wash. 362, 146 Pac. 850; *Hall v. Hinks*, 21 Md. 406.

It cannot be doubted that, in this case, the Bradlees deliberately planned to defraud one or the other of these two parties. Who enabled them to do the wrong? If, as the tes-

timony of respondent, uncontradicted, shows, on September 18, 1914, he demanded of and received from the Bradlees the transfer of the chattels in their possession for the satisfaction of his very large debt, he could and should have also taken exclusive possession and control of the property, and not left them in exclusive possession and apparent ownership thereof.  While in such possession and control, the Bradlees borrowed the money from appellant and offered and gave the same chattels in security therefor.  In such position of affairs, we cannot say otherwise than that, but for respondent's own laches and neglect, appellant would not have loaned her money and the mortgage to her would, as matter of course, not have been given.

"Where a bill of sale of personal property absolute in form was intended as security for a debt, and was honest and valid when executed and delivered, authorizing the vendee to take possession to secure his debt, *and he did so before the rights of other persons intervened,* he acquired title, which related back for its validity to the date of the instrument."  *Coggan v. Ward,* 215 Mass. 13, 102 N. E. 336 (Syllabus).

Appellant, as a mortgagee, is a subsequent purchaser, within the meaning of the recording or registration act, to the extent of her claim.  *Manny & Co. v. Woods,* 33 Iowa 265; *Plaisted v. Holmes,* 58 N. H. 619; *Hinchman v. Point Defiance R. Co.,* 14 Wash. 349, 44 Pac. 867.

The more serious matter to consider is that of the description of the property in appellant's chattel mortgage.  Respondent contends that, by the very description, the property mortgaged consisted only of those chattels then in the warehouse, and that thereby appellant had notice that none of the chattels situated in the house of the Bradlees were intended to be mortgaged; and further, that parol evidence is not admissible to explain, add to, or alter the language of the instrument itself.  Appellant, to the contrary, asserts that the mortgage was valid and sufficient as between the parties thereto to cover all the household furniture, furnish-

ings, and personal effects of the mortgagors within What-com county or owned by the mortgagors, as expressed in the mortgage, if situated in the county of their residence, and that the maxim *Falsa demonstratio non nocet cum de corpore constat*" (a false description does not vitiate) as between the parties, applies. If, as we hold, respondent had, by his own fault and laches lost his title to the chattels in so far as subsequent purchasers or incumbrancers were concerned, we have only to determine whether the description would be good as between the parties to the mortgage. If the description is insufficient as between the parties, it is so because of uncertainty of means of identification.

All descriptions must be construed in view of the general principle that the law presumes that the mortgagor intended to confer some benefit on the mortgagee. A statement as to the location of the chattels mortgaged is one of the most important elements in the description; still, as location serves only as an element or feature of identification, its omission is not necessarily fatal if the property is otherwise sufficiently described. 5 R. C. L. 424.

In *Jones v. Workman*, 65 Wis. 269, 27 N. W. 158, a horse was mortgaged; it was described sufficiently and its location was described as in De Pere, when in fact it was at Janesville. The court held that this erroneous statement did not vitiate the mortgage, the horse being otherwise sufficiently described, and that the maxim *Falsa demonstratio non nocet* applied.

In *Adamson v. Petersen*, 35 Minn. 529, 29 N. W. 321, a chattel mortgage of "all that certain stock of one-inch seasoned lumber, being one carload of about 12,000 feet," and further describing the property as being at a particular place in the city of M., it was held, may, as between the parties or as to a subsequent purchaser with notice, or a stranger, be shown by evidence to be applicable to a car load of such lumber standing at a different place in the city from that named in the mortgage.

As between the mortgagor and mortgagee of personal chattels, a specific and particular description of the several articles mortgaged by which to identify them from other like articles of the mortgagor in the same collection is not essential to the validity of the mortgage. *Leighton v. Stuart*, 19 Neb. 546, 26 N. W. 198.

In the present case, the property described as "the following described personal property now located and kept at Bellingham Truck Company's warehouse in the city of Bellingham, . . . to wit, household furniture, furnishings and personal effects, and being all the property of like description located at that place, or belonging to said parties of the first part," is erroneous for the reason, as shown by the evidence and an inventory made by respondent, that nearly all the furniture was in the house at 606 Forest street, Bellingham, and only four trunks and six boxes "containing a miscellaneous assortment of pillows, blankets, china, curtain hangings, kitchen utensils, and electrical fixtures, in all worth about $25," were at the warehouse. No furniture was at the warehouse. So it is forcefully contended by respondent that the mortgage must be confined to the chattels located in the warehouse which were owned by the mortgagors. But we can omit the location description of the warehouse, and locate the furniture, furnishings and personal effects belonging to the mortgagors at the residence in Whatcom county, and thereby give effect to the contract (*Pettis v. Kellogg*, 7 Cush. 456), which is all the certainty that is required as between the mortgagors and mortgagee. Respondent is not, under the conditions shown, a prior incumbrancer, nor is he a subsequent purchaser. We have only to deal with the validity of the mortgage as affecting the parties thereto. We consider it to be a valid mortgage as to the parties to it.

This case is one arising in equity and appealing peculiarly to equitable principles. We think appellant should recover on her mortgage against the furniture, furnishings and personal effects of the mortgagors which were located in the

house at 606 Forest street, Bellingham, and seized by respondent, as well as the property situated in the warehouse. It is so ordered.

Judgment reversed.

MORRIS, C. J., PARKER, and MAIN, JJ., concur.