[No. 16597.   Department One.   December 7, 1921.]

J. J. HAGGERTY et al., Respondents, v. BUILDING INVEST-
MENT COMPANY, Defendant, AMERICAN SAVINGS
BANK & TRUST COMPANY, Respondent,
W. H. BOGLE et al., Appellants.[1]

MORTGAGES (102, 124-1)—TRANSFER OF PROPERTY—ASSUMPTION OF
MORTGAGE—PAYMENT—PARTIAL RELEASE—CREDITS—RIGHTS OF MORT-
GAGOR AND PURCHASER.   A building company contracted two lots to
appellant under an agreement to build a house thereon, giving to a
bank a mortgage on the premises which the appellant assumed and
had fully paid as the balance of purchase price for house and lots;
subsequent to such contract, the building company included these
two lots in another mortgage made to the bank to secure $2,400,
under an agreement that any lot, other than the two above men-
tioned, should be released upon the payment of $200 each; part of
the lots were released as payments were made on the note to the
bank until there remained a balance due of $450.67, at which time
two and one-half lots were released by the mortgagee without cred-
iting the agreed amount of $200 per lot on the indebtedness, which
would have been sufficient to satisfy the lien of the mortgage.   Held,
that appellant is entitled to a decree discharging his property from
the lien of the building company's second mortgage to the bank.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered March 26, 1921, in
favor of the plaintiffs, in an action to foreclose a
mortgage, tried to the court.   Reversed.

Bogle, Merritt & Bogle, for appellants.
H. A. P. Myers, for respondent.

TOLMAN, J.—This case was here on a prior appeal
prosecuted by the present respondents and may be
found reported in 111 Wash. 638, 191 Pac. 760, to which
report reference is made for a statement of the issues
and facts.

[1]Reported in 202 Pac. 271.

In reviewing the case on the former appeal we said:

"We see nothing inequitable in the agreement, which the evidence seems to establish, that the lots mortgaged, other than the ones in question here, should be released upon the payment of $200 each, as they were of little value and subject to prior mortgages. Respondents are entitled to have credited upon the original loan $200 for each lot which was actually released and not lost by the foreclosure of a prior mortgage, and for any sum then remaining unpaid upon the original loan of $2,400, appellants are entitled to a judgment and the usual decree of foreclosure."

The case proceeded to another hearing in the trial court, resulting in judgment for $450.67 principal, and $838.33 interest, besides attorneys' fees and costs, all of which were decreed to be a lien to be foreclosed upon the property of appellants, and from this result, the present appeal is prosecuted.

The loan originally secured by the deed, held to be a mortgage on the prior appeal, was for $2,400. This was reduced by payments made by the original debtor to $1,042.65, for which sum the original debtor gave a renewal note, dated August 15, 1902, due sixty days after date, with interest at the rate of ten per cent per annum. Thereafter payments were made and endorsed upon this renewal note aggregating $617.35. The mortgage covered six and one-half platted lots, in addition to the two lots owned by appellants, and, as set forth in the former opinion, these lots, other than the two belonging to appellants, might be released upon the payment of $200 each. Upon the first trial, respondents contended that certain of these lots had been released and the proper amounts collected and shown to be credited by the endorsements upon the renewal note above referred to, while other lots were lost by the foreclosure of prior mortgages, and noth-

ing was received or credited on account of the lots lost by such foreclosure. Upon the last trial it was established that two and one-half lots so contended to have been lost were not so lost, but were released by respondents after the giving of the renewal note, without making any credit thereon, and respondent contended below and contends here that the payments theretofore made on the mortgage debt, aggregating some $1,400, entitled the mortgagor to a release of all lots covered by the mortgage, other than those of appellants, upon demand, without further payment. In other words, that, under the provisions of the mortgage, the mortgagor having paid $1,400 on account of the mortgage debt, without any purpose of thereby securing the release of any particular lot, and without any demand for such release, might therefore demand a release of specific lots, to the extent of the payments made, as a matter of right.

Whatever may be the rule in an ordinary case, and as an original question, we think respondents cannot now take this position. On the former trial, and the former appeal, they did not suggest such a right, but were content to rest upon the ground that they had applied to the mortgage debt $200 for each lot released, and that the two and one-half lots now shown to have been released by them were, in fact, lost to them by foreclosure of prior mortgages. Moreover, in such a case as this, equity demands that the mortgagee should be held strictly to the rights given him by the mortgage, and it not appearing that any part of the $1,400 paid prior to the giving of the renewal note was paid for the purpose of obtaining a release of any part of the mortgaged property, or that any demand was then made for any such release, it must be presumed that such payments were made in the ordinary course

for the purpose of reducing the debt only. And, as against appellants, who were in possession under claim of absolute title, without actual notice of the mortgage and in no way personally liable, it would be inequitable to permit respondents, as an afterthought, to now assert such right. Still further, on the former appeal the case was remanded for the sole purpose of determining just what lots had been actually released, and applying a credit of $200 for each lot so released, and it was specifically directed that the decree should be only for any sum remaining unpaid after such credits had been applied. It now appearing that two and one-half lots were so released, at a time when there was due on the mortgage debt only $450 and perhaps a trifling amount of interest, there must be credited (so far as appellants are concerned), at the rate of $200 per lot therefor, the sum of $500, which sum was, when the lots were released, wholly sufficient to satisfy the lien of the mortgage on appellants' property, and now entitles them to a decree discharging their property from the incumbrance.

The judgment is reversed, and the cause remanded with directions to enter a decree accordingly.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.