[No. 4848.   Decided July 19, 1904.]

FRANK A. JONES et al., Appellants, v. JOSEPHINE C. HERRICK et al., Respondents.[1]

APPEAL—REVIEW—HARMLESS ERROR.   Where a judgment for defendants is based upon certain defenses, error in refusing to sustain a demurrer to certain other separate defenses of the defendants is not prejudicial.

MORTGAGES—FORECLOSURE SALE—PURCHASER WITHOUT NOTICE OF UNRECORDED INTERESTS—QUIETING TITLE—PLEADING.   An answer in an action to quiet title, pleading title in the defendants through a foreclosure sale, need not allege that the plaintiffs were parties to the foreclosure proceeding, where it is alleged that plaintiffs had no interest of record at the time, and that the purchaser had no notice of any such interest or claim, since he holds as an innocent

[1]Reported in 77 Pac. 798.

purchaser for value as to outstanding unrecorded liens of which he has no notice.

ADVERSE POSSESSION—COLOR OF TITLE—PLEADING.    An answer pleading title by adverse possession is not demurrable for failure to allege "color of title," where it is averred that defendants held under a warranty deed from the owner.

QUIETING TITLE—RIGHT TO REDEEM FROM MORTGAGE—PROFFER OF REDEMPTION—BARRED BY LAPSE OF TIME. An action to quiet title, brought by one who only had the right to redeem from a mortgage, must fail where, after foreclosure and sale to an innocent purchaser, the plaintiff made no proffer of redemption, and where the right to redeem was barred by lapse of time prior to the commencement of the action.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 24, 1903, upon findings in favor of the defendant, after a trial on the merits before the court without a jury.    Affirmed.

*S. S. Langland,* for appellants.

*Mitchell Gilliam,* for respondents.

FULLERTON, C. J.—The appellants brought this action against the respondents to quiet title in themselves to some eighty acres of vacant and unoccupied land, situated in King county, in this state. They alleged title by virtue of a judgment of the circuit court of the United States for the district of Washington against one W. P. Sayward, an execution sale of the property as the property of Sayward, its purchase at such sale by one A. A. Johnson, and the subsequent conveyance of the property to themselves by Johnson. The answer of the respondents consisted of a general denial of the allegations of the complaint, and some five separate defenses. In three of these the respondents claimed title in themselves, first, by a warranty deed from the common owner, antedating the inception of the proceedings through which the appellants claimed title; second, through a foreclosure proceeding

in which the rights of the appellants, if any they had, were foreclosed and sold; and third, by virtue of the statute of limitations. The fourth was a partial defense only, being a claim for taxes paid, which they prayed to have adjudged to be a lien on the land, in case it should be found that the appellants had a superior title. The fifth defense was in the nature of a cross-complaint, asking that the respondents' instruments of title be adjudged to be liens upon the land for the amounts advanced by them and their predecessor in interest in acquiring the same, if such instruments of title should not be adjudged to convey title in fee, and that such liens be foreclosed as against the appellants, and the property sold in satisfaction of the amount found due. To these separate answers, with the exception of the first, general demurrers were interposed, which were overruled by the trial court, whereupon a reply was filed, denying generally the affirmative matter pleaded therein, and pleading new matter by way of defense and estoppel thereto. Subsequently a motion was made to require the respondents to elect between their first and second defenses, on the ground that they were inconsistent. This motion, also, was overruled, and thereafter a trial had on the merits of the contrversy, resulting in findings of fact, conclusions of law, and a judgment in favor of the respondents.

The statement of facts certified to this court was stricken prior to the hearing; the cause, however, was retained on the suggestion that there were questions presented by the record not dependent upon the statement of facts. The appellants now insist that the court erred in overruling the demurrers to the separate defenses, but we think those of them necessary to uphold the judgment were clearly sufficient. The court found that the respondents were the

owners in fee of the premises, hence it makes no difference whether or not the matters alleged in the fourth or fifth of the separate defenses were sufficient to entitle the respondents to relief. The fourth, as we have stated, only purported to be a partial defense, and could only be material in case the court should hold the respondents to be without title. The fifth was material only under a like condition. The failure, therefore, of the court to rule correctly on the demurrer to these defenses would not require a reversal of the case, as the judgment was not founded on the allegations of either of them.

As to the other defenses demurred to, we think they were clearly sufficient. The second separate defense was a deraignment of title through foreclosure proceedings, based on an instrument antedating any right the appellants may have obtained by virtue of the execution sale under which they claim. The precise objection to the pleading is that it does not appear that the appellants or their grantor was made a party to the foreclosure proceedings, and that they were not, for that reason, bound by them; but the answer avers that there was nothing of record at the time of the foreclosure proceedings showing that either the appellants or their grantor had any claim to, or interest in, the property, and that the purchasers under that proceeding had no notice, actual or constructive, of such claims or interests. If this be true, the interests of the appellants were as effectually cut off by the foreclosure proceedings as they would have been had their claims been of record, and they had been made parties to the proceedings. A purchaser at a sale, had under foreclosure of a mortgage or other lien, holds as an innocent purchaser for value, and is bound by only such outstanding unrecorded liens or claims to the property as he has actual notice of.

The defense, therefore, as a pleading, could not be objectionable for the reason stated.

The third defense was a plea of the statute of limitations under section 5504 of the Code (Ballinger's). The objection to it is that it is not alleged that the respondents had "color of title" to the property during the time they paid taxes thereon. But the allegation is that they held under a warranty deed from the owner, which we think is equivalent to alleging they held under "color of title," and this being true the pleading was sufficient as against a general demurrer. Moreover, this was such a defect as could be cured by amendment, and, if the findings of fact justified holding that the respondents had title to the property by virtue of having paid taxes thereon for seven consecutive years, having color of title thereto made in good faith, this court would treat the pleading as amended to correspond therewith.

The appellants contend further, however, that the findings made by the trial court are not as broad as the pleadings, and argue that, if the pleadings do support the judgment, the findings of fact do not. But here again we think the appellants are mistaken. The facts, as found, show that Sayward, at the time of the execution sale, under which the appellants purchased, had in the property only a right of redemption, the legal title having passed from him by the deed under which the respondents claim. This being true, the appellants could have acquired by the execution sale no greater rights than Sayward had; namely, the right to redeem, and could not, under any circumstances, have the title conveyed to them and quieted in themselves without first redeeming from the respondents. This they did not do, nor proffer to do, and there could be no recovery by them in this action in any event. And

we think the court did not err in quieting the title in the respondents.    Lapse of time alone has now barred any right the appellants may have had to redeem the property, and they have never possessed any other remedy.    The respondents' right, therefore, to have the litigation ended and their title put at rest is absolute.

The judgment appealed from is affirmed.

MOUNT, ANDERS, HADLEY, and DUNBAR, JJ., concur.