[No. 4787.   Decided January 30, 1905.]

THE STATE OF WASHINGTON, *on the Relation of C. A.*
*Cook, Appellant,* v. JOHN B. REED, *as Treasurer*
*of Pierce County, Respondent.*[1]

APPEAL AND ERROR—STATEMENT OF FACTS—NECESSITY—REVIEW
OF FINDINGS—RECORDS — REDEMPTION FROM TAX SALES — INSPEC-
TION. Upon application for a writ of mandate to compel the
county treasurer to allow an inspection of certain records in his
office, being copies of certificates of redemption from tax sales,
a finding of the trial court that the same were not public records
required by law to be kept, cannot be reversed on appeal where
the evidence on which the finding was based is not brought up
by a statement of facts.

RECORDS — COUNTY TREASURER — INSPECTION — KEPT AT PUBLIC
EXPENSE. The fact that certain records of the county treasurer
were kept at public expense does not establish that they are public
records, open to inspection by the public.

SAME—DEMAND FOR INSPECTION—MANDAMUS.   A general de-
mand by a private citizen for an inspection of "any and all books
of public records" desired by him, cannot be made the basis for
a writ of mandate to the county treasurer, especially where the
treasurer is willing to furnish specific information called for, free
of charge.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered April 24, 1903, upon find-
ings in favor of the defendant, after a hearing on the
merits before the court, denying an application for a writ
of mandate.   Affirmed.

*Jesse Thomas,* for appellant, cited:  *State ex rel. Cols-*
*cot v. King,* 154 Ind. 621, 57 N. E. 535; *Burton v. Tuite,*
78 Mich. 363, 44 N. W. 282.

*F. Campbell, Charles O. Bates* and *Walter M. Harvey,*
for respondent.

Reported in 79 Pac. 306.

HADLEY, J.—This action was instituted for the purpose of procuring a writ of mandate against the county treasurer of Pierce county, to compel him to permit the relator, appellant here, to examine papers and records in the treasurer's office. The petition avers, that appellant went into the treasurer's office during the usual office hours and asked permission to examine certain certificates of redemption; that one of the clerks in the office handed him the first book of certificates of redemption, and he was preparing to examine the same for the purpose of procuring certain information, when he was informed by a deputy of the treasurer that he would not be permitted to examine the book; that afterwards such permission was also refused by the treasurer himself; that appellant thereupon demanded permission to examine any and all books of public records in said office which he might desire to examine at any reasonable time, but such permission was refused; that each of the books which appellant asked to inspect is filled out and kept at public expense, and contains information as to matters which directly affect title to real property in Pierce county, and that such information can be obtained from no other source. No alternative writ was issued, but the treasurer answered the petition.

The answer admits that the books of certificates of redemption mentioned are filled out and kept at public expense, but alleges that they are not public records, and are not records required by law to be kept by the treasurer, but that they are simply stubs or copies of certificates of redemption, issued by the treasurer to the parties redeeming real estate from tax sales, and that they are mere vouchers and private records of the treasurer. The cause was tried by the court. Findings of fact and conclusions of law were made, and judgment entered, denying the writ of mandate. This appeal is from the judgment.

There is no statement of facts here, and no exceptions to the findings of facts appear in the record. The case must, therefore, be determined upon the facts as found by the court. The court found that the books and certificates of redemption which appellant asked to examine are not·public records, such as the treasurer is required by law ·to keep; but that they are copies, in the form of stubs, of certificates of redemption which have been issued by the treasurer to persons redeeming real estate from tax sales, and are mere memoranda of the facts and dates of such redemption. There appears to be no statute which requires the treasurer to keep any records in the nature of certificate of redemption stub books. The keeping of such books was, therefore, a matter of his own volition, and for his own convenience. The court heard the evidence as to the nature of these books, and that evidence is not before us. Therefore the finding as to their character cannot be disturbed. It is true, it was further found that the books were filled out at public expense, and from that fact it is argued by appellant that they became public records. But, even though made at public expense, it does not follow that the expenditure was a proper one, and authorized by law. They were not public records open to inspection by the public, as a matter of right, unless they were such as the law required to be kept.

The treasurer argues that the right of the ordinary citizen to inspect public records does not exist at common law, and that the only statutory provision in this state which authorizes an inspection of the county treasurer's records is found in § 432, Bal. Code. That section is as follows:

"The books, accounts and vouchers of the treasurer are at all times subject to the inspection and examination of the board of county commissioners and the grand jury."

It is urged that, inasmuch as the foregoing statute author-izes an inspection of the county treasurer's records by the county commissioners and the grand jury only, it follows that no other persons may demand such an inspection as a matter of right. It is, however, unnecessary to pass upon that question in this case, since the particular demand for inspection involved here does not relate to a public record which the law requires the treasurer to keep.

The court further found that appellant also demanded permission to examine "any and all books of public records in said treasurer's office that he might desire to examine, or which relator's business, duty or interest might require." It neither appears in the petition, nor in the findings, what particular records appellant's "business, duty or interest might require." Such a general demand by a private citi-zen for the inspection of the records of a public office should not be made the basis of a writ of mandate against the officer. A demand for the examination of specific records, and that, too, at such times and in such manner as shall not interfere with the prompt and reasonable dispatch of public business, is alone sufficient to warrant the writ. In any event, however, the court found that the treasurer "will, when called upon, furnish to the relator, or to any other person having an interest therein, either as owner, agent, or otherwise, a statement showing the condition of the taxes levied and assessed against any specific tract or parcel of land, without cost or charge." Therefore, what-ever may be appellant's right to the information furnished by records in the treasurer's office when properly specified, it nevertheless appears from the above finding that he has no cause for resorting to mandamus, since "as owner, agent, or otherwise," he can get the desired information when specifically asked.

The judgment is affirmed.

MOUNT, C. J., and FULLERTON, J., concur.

DUNBAR, J. (concurring)—I concur in the conclusion reached by the majority on account of the peculiar condition of the record, but do not wish to be understood as denying the right of a citizen, at proper times and in a proper manner, to inspect any public record by examining the record itself, notwithstanding the officer having such record in charge may proffer to furnish such person a statement of the condition of the record sought to be inspected.