[No. 13474. Department Two. November 22, 1916.]

HANNAH BASSETT *et al.*, *Respondents*, v. THE CITY OF

SPOKANE, *Appellant*.[1]

ADVERSE POSSESSION—PAYMENT OF TAXES—COLOR OF TITLE—STATUTES. The payment of taxes in good faith, by one claiming under a warranty deed from the owners in 1889, for seven consecutive years after title had passed by tax deed in 1903 to another, is a payment by a person having "color of title, made in good faith" within Rem. 1915 Code, § 789, providing that such payment shall vest title in vacant and unoccupied land to the extent and according to the purport of the paper title.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 3, 1916, upon findings in favor of the plaintiffs, in an action to quiet title, tried to the court. Affirmed.

*H. M. Stephens, Ernest E. Sargeant,* and *Dale D. Drain,* for appellant.

*R. L. Edmiston,* for respondents.

MAIN, J.—The purpose of this action was to quiet title to a certain tract of land in the city of Spokane, Washington.

[1]Reported in 161 Pac. 65.

From a judgment quieting the title as prayed for in the complaint, the defendant city appeals.

The controlling facts are these: On November 1, 1889, the respondents purchased the property and received from the then owner a conveyance by warranty deed. This deed was thereafter duly recorded. On March 8, 1902, a two-thirds interest in the property was sold by Spokane county for the nonpayment of taxes for the years 1893 and 1895. On March 19, 1903, a tax deed was issued to the county. On September 1, 1904, the county conveyed the two-thirds interest in the property acquired by it under the tax foreclosure proceedings to one J. F. McElroy. On May 26, 1913, McElroy and wife conveyed their interest in the property to the city of Spokane. The McElroys, during the time that they held title to the property, at no time paid any taxes thereon. The taxes, during this time, were paid by the respondents. In fact, from the year 1889, when the respondents purchased the property, down to and including the year 1914, they paid all the taxes assessed against the same, except for the years 1893 and 1894. The land was vacant and unoccupied. From these facts, it appears that the respondents, while the title to the property was in the McElroys, paid taxes thereon, in good faith, for more than seven successive years. There are a number of contentions advanced in the briefs, but the determination of one is decisive of this appeal. That question is: Did the respondents, while the title to the land was in the McElroys, have color of title by reason of their warranty deed from the owner?

Remington's 1915 Code, § 789, provides:

"Every person having color of title made in good faith to vacant and unoccupied land, who shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land to the extent and according to the purport of his or her paper title. . . ."

As previously stated, the respondents paid taxes on the land, in good faith, for more than seven successive years,

while the title was in the McElroys. Under the section of the statute quoted, this would give to the respondents title to the vacant and unoccupied land in controversy, provided the warranty deed, by which the title was conveyed to them, constitutes color of title. This question seems to be determined in *Jones v. Herrick*, 35 Wash. 434, 77 Pac. 798. In that case, it was held that an allegation in an affirmative defense in the answer that the defendant held under a warranty deed from the owner was equivalent to alleging that he held under color of title, and the pleading was good as against a demurrer. In this case, the facts show that the respondents held under a warranty deed from the former owner, and, therefore, under the holding in that case, they had color of title during the time that the title to the property was in the McElroys. This, with the payment of taxes, in good faith, for more than seven successive years, would operate to transfer the title from the McElroys back to the respondents, the land being vacant and unoccupied at all times. The respondents, having acquired title to the property by virtue of their color of title and the payment of taxes prior to the time that the McElroys conveyed the same to the city, their right was superior to that of the city, and the trial court properly adjudged that their title be quieted.

The judgment will be affirmed.

MORRIS, C. J., FULLERTON, and PARKER, JJ., concur.