[No. 24125.   Department Two.   January 31, 1933.]

GERTRUDE M. KROETCH, *Appellant,* v. L. HINNENKAMP
*et al., Respondents.*[1]

*Lawrence F. Connolly* and *Frank J. Blade,* for appellant.

*Lloyd E. Gandy* and *Joseph E. Gandy,* for respondents.

MAIN, J.—This action was brought to quiet title to certain real property in the city of Spokane. The defendants, by cross-complaint, sought to have the title to the property quieted in themselves. The trial to the court without a jury resulted in a judgment denying any relief to the plaintiff and quieting the title in the defendants L. E. Hinnenkamp and wife, from which judgment the plaintiff appeals.

The facts essential to be stated are these: March 8, 1910, William H. Houston and Mary Houston, his wife,

[1]Reported in 18 P. (2d) 491.

being then the owners of lots 37 and 38 in block 33 of Spokane Terrace Addition to Spokane, sold and conveyed the same, by warranty deed, to Gertrude M. Kroetch, the appellant, which deed was not filed for record until September 28, 1931. Between the time when the deed was given and the time when it was recorded, the appellant paid all the taxes assessed against the property. August 30, 1929, Houston and wife, by a quit claim deed, conveyed the same lots covered in the deed to the appellant, together with other property, to the Kennedy-Marsh Realty Company, a corporation. October 8, 1929, that corporation conveyed the same to Fred C. Johnson and Anna Johnson, his wife. April 23, 1931, by warranty deed, Johnson and wife conveyed the property to Hinnenkamp and wife, the respondents. All the deeds, beginning with the quit claim deed to the Kennedy-Marsh Realty Company down to and including the deed to the respondents, were promptly filed for record, and were all recorded prior to the time that the deed to the appellant was filed for record. The respondents purchased the property in good faith and for a valuable consideration. The property was at all times vacant, unoccupied and unimproved.

The question presented for determination is whether the appellant or the respondents have the superior title. The appellant contends that, since she held under a warranty deed, not recorded, and paid taxes on the property for seven successive years and more, her title was paramount. Rem. Rev. Stat., § 789, provides:

"Every person having color of title made in good faith to vacant and unoccupied land, who shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land to

the extent and according to the purport of his or her paper title. . . . ''

If that statute was the only one for our consideration, it would be plain that the appellant had acquired good title, even though her deed had not been placed upon record, by the payment of taxes for seven successive years. Considering that statute alone, it may be admitted that the warranty deed would constitute color of title. That statute, however, must be considered in connection with other statutory provisions which are applicable to the present situation.

Rem. Comp. Stat., § 10596, provides that:

"All deeds, mortgages, and assignments of mortgages, shall be recorded in the office of the county auditor of the county where the land is situated, and shall be valid as against *bona fide* purchasers from the date of their filing for record in said office; and when so filed shall be notice to all the world."

By chapter 278, Laws of 1927, p. 670, that section of the statute was expressly repealed, and § 2 of that chapter (p. 671) provides:

"A conveyance of real property, when acknowledged by the person executing the same (the acknowledgment being certified as required by law), may be recorded in the office of the recording officer of the county where the property is situated. Every such conveyance not so recorded is void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration from the same vendor, his heirs or devisees, of the same real property or any portion thereof whose conveyance is first duly recorded. . . . '' Rem. Rev. Stat., § 10596-2.

In *Price v. Northern Bond & Mortgage Co.*, 161 Wash. 690, 297 Pac. 786, referring to the language in § 10596, ". . . shall be valid as against *bona fide* purchasers from the date of their filing . . .", it

was said that this "very clearly indicates that, if the rights of *bona fide* purchasers attach before such filing, they must prevail;" and referring to the terms of § 2 of chapter 278, it was said: ". . . which in terms makes void as against a subsequent purchaser or mortgagee in good faith an unrecorded assignment of a mortgage." An unrecorded deed would necessarily, under the statute, occupy the same status as an unrecorded mortgage.

We think it was the intent of the legislature in § 2 mentioned, by the use of the word "void," to convey the meaning that a prior unrecorded deed as against a subsequent conveyance of the same property, but recorded first, should not be valid for any purpose, and that the rights under the deed first recorded should prevail. If this is not the meaning of the statute, an intolerable situation would result. Before a person could safely take a conveyance of vacant and unoccupied property, even though the record showed a perfect title in his grantor and all taxes paid, it would be necessary for the purchaser to inquire as to who paid the taxes and whether they were paid by the same person for seven successive years, and then ascertain, entirely dehors the record, whether the person so paying the taxes had a deed or other instrument in writing which would constitute color of title.

It appears to us that the legislature must have intended, by the recording act, to make the deed first recorded superior to any outstanding unrecorded conveyance of the same property. It is important that a purchaser of real property, for a valuable consideration and in good faith, may rely upon a title which the record shows to be in his grantor, and that he is not required, in the absence of notice, and there is no such question in this case, to make inquiry as to the status

of the title outside of that shown by the recorded conveyances and the payment of taxes.

When the statute relied upon by the appellant is read in connection with the recording act, it would seem that all conveyances which meet the requirements of the latter act must be held to prevail as against a title that might be acquired under the statute which provides for the acquiring of title to vacant and unoccupied land under an instrument which would constitute color of title thereto, and the payment of taxes thereon for seven successive years.

The appellant calls especial attention to the cases of *Goetter v. Moore,* 53 Wash. 5, 101 Pac. 365, and *Bassett v. Spokane,* 93 Wash. 413, 161 Pac. 65, as supporting her contention. As we read those cases, in neither of them was the question presented in the case now before us either discussed or decided. The *Goetter* case holds that a sheriff's certificate of sale, which was not recorded in the auditor's office, would constitute color of title. In that opinion, there is no mention of the recording acts, and apparently the question was not raised. In the *Bassett* case, it was held that a warranty deed, which had been recorded, would constitute color of title, and there is no mention in the opinion in that case of the recording act. Upon rehearing in the latter case, 98 Wash. 654, 168 Pac. 478, there was pointed out the reason why the warranty deed in that case, being color of title, together with payment of taxes for seven successive years, would prevail over a title acquired through a tax foreclosure. But that holding has no applicability to the present situation.

It will be admitted that in none of the authorities mentioned or which have been cited, all of which have been examined, has the precise question now before us been determined. It appears to us, however, that the views hereinbefore expressed are sustained by

reason, and that, when the two statutes above mentioned are considered, it must be held that the respondents should prevail.

The judgment will be affirmed.

BEALS, C. J., STEINERT, and TOLMAN, JJ., concur.