[No. 56580-5.   En Banc.   May 23, 1991.]

CARL ELLINGSEN, ET AL, *Petitioners,* v. FRANKLIN
COUNTY, *Respondent.*

*Witherspoon, Kelley, Davenport & Toole, P.S.*, by *Robert H. Lamp; Sonderman, Hames & Anderson*, by *Carl G. Sonderman*, for petitioners.

*Dennis DeFelice, Prosecuting Attorney*, and *Robert A. Ellis, Deputy*, for respondent Franklin County.

*Robert W. Sargeant* on behalf of Washington Land Title Association, amicus curiae for petitioners.

BRACHTENBACH, J. — Plaintiff landowners sued Franklin County to quiet title against the County's claim of a road easement over their property. The County appealed the grant of summary judgment to plaintiffs quieting title free of the County's claim. The Court of Appeals reversed and remanded for trial. *Ellingsen v. Franklin Cy.*, 55 Wn. App. 532, 778 P.2d 1072 (1989). We reverse the Court of Appeals and affirm the trial court judgment quieting plaintiffs' title free of Franklin County's claim of a road easement.

The issue is whether a conveyance of an easement gives constructive notice to a bona fide purchaser when that conveyance is "recorded and filed" in the county engineer's office, but is not recorded with the county auditor? The answer is that "recording and filing" in the county engineer's office does not give constructive notice.

The County's easement claim is based upon a 1908 petition to establish a road pursuant to Laws of 1895, ch. 50, §§ 2, 6, at 82-83, now RCW 36.81.020-.090. That provides for a petition to the county commissioners and a resolution establishing the road after the procedural steps are completed. The County may require the petitioners to obtain deeds and waivers of damages from the affected landowners. RCW 36.81.030. The county commissioners established the road in question by a 1909 resolution. No instrument of conveyance or other evidence of the instrument was recorded with the county auditor under the general recording act, RCW 65.08.

The County's theory is that a statute governing the county engineer's office provides a separate recording system for conveyances of county roads. The statute in effect at the time of the 1908 petition for establishment of a road was based on Laws of 1907, ch. 160, § 4. The present statute is essentially the same so our reference is to RCW 36.80.040.

> The office of county engineer shall be an office of record; the county road engineer shall record and file in his office, all matters concerning the public roads, highways, bridges, ditches, or other surveys of his county, with the original papers, documents, petitions, surveys, repairs, and other papers, in order to have the complete history of any such road, highway, bridge, ditch, or other survey; and shall number each construction or improvement project.

RCW 36.80.040.

█ Unless the county engineer's statute avoids the necessity of recording with the county auditor, a conveyance had to be recorded because a governmental entity is required to record appropriate documents. *Lind v. Bellingham*, 139 Wash. 143, 147, 245 P. 925 (1926).

The County argues that because the statute states that the office of the engineer "shall be an office of record", and that the engineer "shall record and file in his office, all matters concerning the public roads", it necessarily follows that there is constructive notice of documents "recorded and filed" therein. RCW 36.80.040.

██ There are several reasons why RCW 36.80.040, and its predecessors, do not give constructive notice. First, the statute does not provide that it is intended to give constructive notice. In the absence of such declaration there is no constructive notice. *State v. Wingett*, 136 Kan. 436, 442, 16 P.2d 486 (1932) quotes the general rule from 46 C.J. 550: " 'The matter of constructive notice from the record is entirely a creation of statute, and no record will operate to give constructive notice unless such effect has been given to it by some statutory provision.' " Likewise, *Adams v. Baker*, 24 Nev. 162, 168, 51 P. 252 (1897), holds that "[t]he matter of constructive notice is entirely a creature of the statute."[1]

When the Legislature intends that a record give constructive notice it can and does do so in plain terms. The general recording statute in effect at the time of establishment of this road provided that when a document is filed with the county auditor it "shall be notice to the world." Laws of 1897, ch. 5, § 1. Any such intent is totally absent from RCW 36.80.040.

Second, the statute itself contains a statement of its purpose. It requires recording and filing of various documents, even repair orders "in order to have a complete history of any such road, highway, bridge, ditch, or other survey . . .." RCW 36.80.040. There is no hint of notice to the public.

██ Third, the fact that the statute provides that the county engineer's office is an office of record does not evidence an intent to provide constructive notice. "A record may be a public record for one purpose and not for another." *MacEwan v. Holm*, 226 Or. 27, 36, 359 P.2d 413 (1961).

There is good reason to designate the engineer's office as one of record without any implication of constructive notice. At the time of enactment of the engineer's statute, it was the law that the records of a public official were not open to public inspection unless those records were identified by statute as public records. *State ex rel. Cook v. Reed*, 36

---

[1]We note that some statutes create their own priority and notice outside of the general recording statute, *e.g.*, RCW 84.60.010, the general tax lien statute.

Wash. 638, 640, 79 P. 306 (1905). In a young and largely undeveloped state it is obvious there would be a public interest in having to have access to the engineer's surveys and locations of roads, bridges and ditches.

Our research has disclosed a case remarkably similar. In an inverse condemnation action, *State v. Anderson*, 241 Ind. 184, 170 N.E.2d 812 (1960), the State claimed an easement for a highway. The landowner claimed it had no constructive notice because the conveyance of the easement to the State was not recorded in the county recorder's office. The State asserted that a statute required the filing of such highway easements only with the state highway commission. The court held that the granting of an easement was within the general recording act requiring the recording of conveyances. Further the court held the purpose of recording acts was to provide a place and method whereby one can ascertain the state of title to real property. "The purpose of the statute applies with no less force to transaction with the state than with individuals." *Anderson*, at 190.

■ This court, like the Indiana court in the cited case, has long recognized the clear need for, and purpose of the general recording act. RCW 65.08.

> From the beginning, we have held without deviation that a bona fide purchaser of real property may rely upon the record title. In *Beckmann v. Ward*, 174 Wash. 326, 24 P. (2d) 1091 [(1933)], we cited a number of cases, and we have since affirmed that principle on numerous occasions . . .."

*Cunningham v. Norwegian Lutheran Church*, 28 Wn.2d 953, 956, 184 P.2d 834 (1947).

Likewise, *Kroetch v. Hinnenkamp*, 171 Wash. 518, 521-22, 18 P.2d 491 (1933):

> It is important that a purchaser of real property . . . may rely upon a title which the record shows to be in his grantor, and that *he is not required*, in the absence of notice [not here present] . . . *to make inquiry as to the status of the title outside of that shown by the recorded conveyances* and the payment of taxes.

(Italics ours.) This clear rule started with *Ritchie v. Griffiths*, 1 Wash. 429, 25 P. 341 (1890). The origin and history of the recording acts of the various states, including Washington, can be found in 1 R. Patton, *Titles* § 6 (2d ed. 1957) and 6A R. Powell, *Real Property* ¶ 904[1], at 82-8 (1987).

If it were held that a document is constructive notice of its content because it is designated a public record or because the office in which it is filed is an office of record, the consequences would be disastrous to the stability and certainty heretofore provided by recording with the county auditor and the grantor-grantee index required by RCW 65.04. This prediction of chaos is a natural consequence of reading RCW 42.17 which makes an all-inclusive definition of "public record". RCW 42.17.020(26). Such public record is every writing containing information relating to the conduct of government or the performance of any governmental or proprietary function. Such public records must be available for public inspection, with few exceptions. RCW 42.17.260.

The records which are declared to be public records are those of defined state and local agencies including: (1) every state (a) office, (b) department, (c) division, (d) bureau, (e) board, (f) commission, or (g) other state agency, and (2) every local agency, *i.e.*, every (a) county, (b) city, (c) town, (d) municipal corporation, (e) quasi-municipal corporation, or (f) special purpose district or (g) other local public agency. RCW 42.17.020(1).

Under the County's theory all records of these multiple, scattered public offices would impart constructive notice of everything contained in those records because, like the engineer's office, those are public records in public offices. The County acknowledges that RCW 42.17 now governs public records. Brief of Appellant, at 17. To import constructive notice from every piece of paper or computer file in every government office, from the smallest hamlet to the

largest state agency, would wreak havoc with the land title system. As a matter of fact, it would render impossible a meaningful title search.

Next we note that the recording statute in effect at the time of establishment of the road in question was different from the present statute. The earlier law provided for the recording of all "deeds, mortgages, and assignments of mortgages". Laws of 1897, ch. 5, § 1. The present statute, enacted in 1927, is much broader; it requires recording of any *conveyance* of real property. RCW 65.08.070. "Conveyance" is defined to include "every written instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned or by which the title to any real property may be affected". RCW 65.08.060(3). The parties and the trial court treated RCW 65.08.060(3) and .070 as applicable.

The County in its brief does point out the difference between the 1897 and the 1927 recording acts (Brief of Appellant, at 11), but it does not contend that the instrument under which it claims title to the road easement was not a "deed" within the meaning of the 1897 recording act. Inexplicably, the County never made part of the record the document under which it claims an easement. Yet it clearly claims an easement. Clerk's Papers, at 72. The County has put in the record a "Waiver of Claim for Damages and Consent to Locate Road" which relates to a road which traverses the road in question. Clerk's Papers, at 115. That document contains words of conveyance such as to constitute it a deed.

Because the County does not contend that it was excused from recording its title document on the basis that it was not otherwise within the recording statute, and because the only proof of title submitted by the County was a form of deed, we conclude that its instrument of acquisition was within the recording statute, and had to be recorded with the county auditor to impart constructive notice. Parenthetically we note that the one document of title, made part

of the record by the County, where the County acquired its easement by a waiver and consent was recorded with the county auditor by the county engineer, 20 years before this litigation.

The Court of Appeals held there was no issue as to inquiry notice. The County has not preserved that question since it filed no answer to the petition for review. RAP 13.4(d).

The Court of Appeals is reversed. The judgment of the trial court is affirmed.

UTTER, ANDERSEN, DURHAM, and GUY, JJ., and CALLOW, J. Pro Tem., concur.

SMITH, J. (dissenting) — The sole question presented by this case is whether the petition, waivers, and resolution filed with the Franklin County engineer on March 4, 1909,[2] in accordance with Laws of 1907, ch. 160, gave constructive notice to subsequent purchasers, the Ellingsens, of Franklin County's title interest in a road created in 1909 and which traversed the property acquired by the Ellingsens. I would agree with the Court of Appeals and conclude that the Ellingsens did have constructive notice.

Petitioners assert that the Court of Appeals erred in reversing the trial court's decision quieting title in their names. They contend that the failure of Franklin County to record the petition and waivers of damages in the county auditor's office, pursuant to RCW 65.08.070, deprived them of constructive notice of the County's title interest in the property. The Court of Appeals determined that records filed with the Franklin County engineer, in accordance with Laws of 1907, ch. 160, gave constructive notice

---

[2]The petition, waivers of damage and resolution do not indicate the date they were filed with the Franklin County engineer's office. Respondent Franklin County asserts that records establishing the Samuel Brown Road were recorded in the Franklin County engineer's office on March 4, 1909.

to the Ellingsens of Franklin County's interest in the road which traverses their property.

The general recording statute in effect in 1909 when the Samuel Brown Road was established was substantially different from the present one. That recording statute stated in relevant part:

> All deeds, mortgages, and assignments of mortgages, shall be recorded in the office of the county auditor of the county where the land is situated, and shall be valid as against *bona fide* purchasers from the date of their filing for record in said office; and when so filed shall be notice to all the world.

Laws of 1897, ch. 5, § 1, p. 5.

In 1927, 18 years after the petition, waivers of damage, and resolution creating the Samuel Brown Road were filed in the Franklin County engineer's office, the statute was amended to include not only deeds, mortgages, and assignments of mortgages, but also other conveyances as follows:

> The term "conveyance" includes every written instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned or by which the title to any real property may be affected, including an instrument in execution of a power . . . and an instrument releasing in whole or in part, postponing or subordinating a mortgage or other lien . . . . "To convey" is to execute a "conveyance" as defined in this subdivision.[3]

The present general recording statute, RCW 65.08.070, last amended in 1927, reads in relevant part:

> **Real property conveyances to be recorded.** A conveyance of real property, when acknowledged by the person executing the same (the acknowledgment being certified as required by law), may be recorded in the office of the recording officer of the county where the property is situated. Every such conveyance not so recorded is void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration from the same vendor, his heirs or devisees, of the same real property or any portion thereof whose conveyance is first duly recorded. An instrument is deemed recorded the minute it is filed for record.

---

[3]Laws of 1927, ch. 278, § 1.

A subsequent good faith purchaser of real property is entitled to rely on the condition of title shown in the records maintained by the county auditor.[4] The good faith purchaser is protected by the recording statute unless the party asserting an unrecorded interest proves that the purchaser had actual or constructive notice of that interest.[5] Constructive notice may be given either by means of a public record or by inquiry notice.[6]

> "It is a well-settled rule that where a purchaser has knowledge or information of facts which are sufficient to put an ordinarily prudent [person] upon inquiry, and the inquiry, if followed with reasonable diligence, would lead to the discovery of defects in the title or of equitable rights of others affecting the property in question, the purchaser will be held chargeable with knowledge thereof and will not be heard to say that he did not actually know of them. In other words, knowledge of facts sufficient to excite inquiry is constructive notice of all that the inquiry would have disclosed."[7]
>
> Notice to a purchaser of real estate that parties other than the seller (or encumbrancer) have a claim of interest in the property need not be actual nor amount to full knowledge, but it should be such information as would excite apprehension in an ordinary mind and prompt a person of average prudence to make inquiry; however, a circumstance which would lead a person to inquire is only notice of what a reasonable inquiry would reveal.[8]

At the time the Samuel Brown Road was established in 1909, the county engineer was charged with maintaining records of public roads and highways pursuant to Laws of 1907, ch. 160, which states in relevant part:

---

[4]*E.g., Biles-Coleman Lumber Co. v. Lesamiz*, 49 Wn.2d 436, 439, 302 P.2d 198 (1956). *See also Paganelli v. Swendsen*, 50 Wn.2d 304, 311 P.2d 676 (1957).

[5]*Hendricks v. Lake*, 12 Wn. App. 15, 21, 528 P.2d 491 (1974) (citing *Paganelli*).

[6]*See, e.g., Paganelli v. Swendsen*, 50 Wn.2d 304, 311 P.2d 676 (1957).

[7]*Casa del Rey v. Hart*, 110 Wn.2d 65, 71, 750 P.2d 261 (1988) (quoting *Miebach v. Colasurdo*, 102 Wn.2d 170, 175-76, 685 P.2d 1074 (1984)).

[8]*Glaser v. Holdorf*, 56 Wn.2d 204, 209, 352 P.2d 212 (1960) (citing *Paganelli v. Swendsen*, 50 Wn.2d 304, 308-10, 311 P.2d 676 (1957)).

Sec. 2. [The county engineer] shall keep in [the engineer's] office a highway plat book in which [the county engineer] shall have accurately platted all public roads and highways established by the board of county commissioners.

. . . .

Sec. 4. The office of county engineer shall be one of record and there shall be recorded and filed in [the county engineer's] office, all matters concerning the public roads, highways, bridges, ditches or other surveys of his county, with the original papers, documents, petitions, surveys, repairs and other papers, in order to have the complete history of any such road, highway, bridge, ditch or other survey: *Provided,* That in any county where there is no qualified engineer, the records of said office shall be kept in the office of the county auditor.

Section 4 is substantially similar to the present statute, RCW 36.80.040, which states in relevant part:

**Records to be kept.** The office of county engineer shall be an office of record; the county road engineer shall record and file in [the county engineer's] office, all matters concerning the public roads, highways, bridges, ditches, or other surveys of [the engineer's] county, with the original papers, documents, petitions, surveys, repairs, and other papers, in order to have the complete history of any such road, highway, bridge, ditch, or other survey; and shall number each construction or improvement project.

Petitioners contend that filing in the county engineer's office is not sufficient to put them on even constructive notice of the existence of the county road. The validity of this contention is dependent upon interpretation of RCW 65.08, the general recording statute, and of RCW 36.80.040, which specifically relates to recording of documents pertaining to county roads.

"[I]t is the duty of the court to ascertain and give effect to legislative intent and purpose, as expressed in the [legislation]."[9] The legislation must be construed as a whole and, if possible, its provisions should be harmonized to insure proper construction.[10] Two statutes addressing the same

---

[9] *E.g., Nisqually Delta Ass'n v. DuPont,* 103 Wn.2d 720, 730, 696 P.2d 1222 (1985).

[10] *E.g., Nisqually Delta Ass'n v. DuPont,* 103 Wn.2d 720, 730, 696 P.2d 1222 (1985) (citing *Tommy P. v. Board of Cy. Comm'rs,* 97 Wn.2d 385, 391, 645 P.2d 697 (1982)).

subject should be interpreted in a manner which gives effect to both.[11] Preference should be given to the more specific statute only if two statutes are in apparent conflict.[12]

The general recording statute, RCW 65.08, does not specifically mention documents pertaining to county roads, but merely refers to "a conveyance of real property." RCW 36.80.040, originally codified in 1907, specifically addresses recording and filing of documents pertaining to county roads. This statute designates the county engineer's office as "one of record" where the documents are "recorded and filed". The express purpose of this provision is to establish a "complete history of any such road, highway, [or] bridge."[13]

The county engineer's office from 1907 to 1927 was the only statutorily designated repository for records pertaining to county roads. Until 1927, the general recording statute, codified in 1897, referred only to "all deeds, mortgages, and assignment of mortgages".[14] The county engineer was charged with recording all surveys of highways and village plats in a book complete with diagrams, notes and indexes.[15] The 1907 amendments to the county engineer statute required the engineer to "keep . . . a highway plat book . . . [accurately platting] all public roads and highways". In counties without a qualified engineer, the records were to be maintained in the office of the county auditor.[16] County roads were not mentioned specifically when the general recording statute was amended in 1927 to enlarge its scope to include "every written instrument by which any estate or interest in real property is created".[17]

---

[11]*See, e.g., Tacoma v. Taxpayers,* 108 Wn.2d 679, 690, 743 P.2d 793 (1987).

[12]*Tacoma v. Taxpayers,* 108 Wn.2d 679, 690, 743 P.2d 793 (1987).

[13]*See* former RCW 36.80.040.

[14]Laws of 1897, ch. 5, § 1.

[15]Laws of 1895, ch. 77, § 5, at 136-37.

[16]Laws of 1907, ch. 160, §§ 2, 4, at 351-52.

[17]Laws of 1927, ch. 278, § 1.

Under rules of statutory construction, it is presumed that the Legislature has considered its prior enactments when amending legislation on the same subject.[18] The general recording statute has been amended once since enactment of the county engineer's statute without specific reference to the recording of documents relating to roads.[19] The Legislature has neither repealed nor amended the language of RCW 36.80.040 designating the county engineer's office as the repository for "all matters concerning the public roads, highways, bridges, ditches, or other surveys . . . with the original papers, documents, petitions, surveys, repairs, and other papers". It can logically be concluded that the Legislature intended that the engineer's office should continue to be the office of record which consequently provides constructive notice of the existence of county roads. I would find no merit in petitioners' contention that Franklin County's recording and filing of the petition, waivers of damage, and resolution with the county engineer's office did not provide constructive notice of the Samuel Brown Road.

The Court of Appeals correctly determined that Franklin County's recording of the petition, waivers of damage, and resolution with the county engineer's office in 1909 constituted constructive notice in 1969 to the Ellingsens of the Samuel Brown Road traversing their property. I would therefore affirm the decision of the Court of Appeals reversing the judgment quieting title to the Ellingsens' property in their names and remanding the case for further proceedings.

DORE, C.J., and DOLLIVER, J., concur with SMITH, J.

---

[18]*E.g., Department of Fisheries v. Chelan Cy. PUD 1,* 91 Wn.2d 378, 383, 588 P.2d 1146 (1979); *State v. Roth,* 78 Wn.2d 711, 715, 479 P.2d 55 (1971).

[19]*See* RCW 65.08.070; RCW 36.80.040.